UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-106-TAV-DCP |
| | ) | |
| JOEL QUINTON TILLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joel Quinton Tilley's Unopposed Motion to Continue Plea Negotiations Deadline and Trial Setting and Reset Pre-trial Motions Deadline [Doc. 20], filed on November 14, 2024.

Defendant requests that the Court continue the plea deadline and trial date [Doc. 20 p. 1]. He seeks a continuance of thirty days [*Id.*]. He also asks that the Court reset the deadline to submit pre-trial motions, which expired on November 12, 2024 [*Id.* ¶ 4]. Defendant states that he has been engaged in plea negotiations with the Government but requires additional time to continue those conversations [*Id.* ¶ 3]. Should the parties be unable to reach an agreement, however, Defendant requests further time to file pre-trial motions [*Id.* ¶ 4]. Defendant represents that the Government does not object to the requested relief [*Id.* ¶¶ 4–5]. Defense counsel confirmed via email that Defendant understands his right to a speedy trial.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in

18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv).  Defense counsel needs more time to continue discussing a resolution with the Government and, if such negotiations are not fruitful, otherwise prepare for trial.  The Court finds that all of this cannot occur before the December 17, 2024 trial date.

The Court therefore **GRANTS** Defendant Joel Quinton Tilley's Unopposed Motion to Continue Plea Negotiations Deadline and Trial Setting and Reset Pre-trial Motions Deadline [**Doc. 20**].  The trial of this case is reset to **February 11, 2025**.  A new, comprehensive trial schedule is included below.  Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 14, 2024, and the new trial date is fully excludable time under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Joel Quinton Tilley's Unopposed Motion to Continue Plea Negotiations Deadline and Trial Setting and Reset Pre-trial Motions Deadline [**Doc. 20**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 11, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 14, 2024**, and the new trial date of **February 11, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 13, 2025**;

(5) the deadline for filing pretrial motions is reopened and extended to **December 16, 2024**, and responses to motions are due on or before **December 30, 2024**;

(6) the deadline for filing motions *in limine* is **January 27, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 28, 2025, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 31, 2025**.

**IT IS SO ORDERED.**

ENTER:

/s/ Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge